C. N. PAINE & CO., PLAINTIFFS IN ERROR, V. CHARLES KOHL, DEFENDANT IN ERROR.

Instructions to Jury. An instruction by the court to a jury which assumes the admission or proof of a controverted material fact upon which there is a conflict of testimony is error, for which a new trial will be granted.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Batty & Ragan*, for plaintiff in error.

*Dilworth & Smith*, for defendant in error.

COBB, J.

This was an action by C. N. Paine & Co. against Chas. Kohl for the agreed price of a frame building alleged to have been sold by the former to the latter while standing on rollers in the street in the city of Hastings. The building was to be moved to and upon a certain lot of said city by C. N. Paine & Co., but there is a conflict of testimony as to whether it was or was not a part of the contract that C. N.

Paine & Co. should, in addition to moving the building to and upon the lot of Kohl, also place it upon a good foundation. There is no conflict in the testimony that C. N. Paine & Co. did move the building to and upon the said lot, that it was not placed upon any foundation, and in that condition and shortly after its removal to and upon the said lot, it was destroyed by fire, which consumed a large portion of said city.

The jury to whom the cause was tried found their verdict in favor of the defendant.

The plaintiff who brings the cause to this court on error assigns sixteen grounds of error, but as we have come to the conclusion that there must be a new trial for error in the instructions of the court, the other errors assigned will not be examined.

Among the instructions given in charge by the court to the jury upon its own motion were the following:

2.  If you find from the evidence that the plaintiffs moved said building upon defendant's lot, and had placed it in the position and upon the foundation that they were bound to do by the terms of the contract of sale, then there was a delivery of the building to the defendant, and the plaintiffs are entitled to recover, although said building was destroyed by fire before the defendant took actual possession of the same.

3.  If you find from the evidence that the plaintiffs moved said building upon defendant's lot, but still had control of said building by their agents, and had not placed it in the position and upon the foundation they were bound to do by the terms of the contract of sale when said building was destroyed by fire, then the delivery of the building was not complete, and the plaintiff cannot recover therefor.

These instructions assume that it was either admitted by the plaintiffs, or proved without conflict of testimony, that it was a part of the contract of sale that the plaintiffs should

not only deliver the building on the defendant's lot, but place the same in position and on a foundation thereon, while on the contrary, as we have seen, there was a sharp conflict of testimony on that point. Indeed, the vital turning point in the case is whether by the terms of the contract C. N. Paine & Co. were to place the building on a foundation in position on the lot of Kohl, or only to move the same on to the lot and furnish Kohl timbers for the posts so that he could place it on the foundation himself. These instructions, which clearly take this question from the jury, are erroneous, and for that reason the judgment is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.